IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRIS LEE HUFFMAN                                                                                           PLAINTIFF

v.                                    Civil No. 4:19-CV-04086

MS. LACEY, Jailer; JANA TALLANT,                                                                      DEFENDANTS
Jail Administrator, Howard County Detention
Facility; and SHERIFF BRYAN
MCJUNKINS, Howard County, Arkansas

## ORDER

This is a civil rights action filed by Plaintiff, Chris Lee Huffman, pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. Pursuant to the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity, officer or employee.

### I. BACKGROUND

Plaintiff filed his Complaint on August 5, 2019. (ECF No. 1). His application to proceed *in forma pauperis* was granted that same day. (ECF No. 3). Plaintiff has named Ms. Lacey—a Jailer at the Howard County Jail ("HCJ"), Jana Tallant—the Administrator of the HCJ, and Brian McJunkins—the Sheriff of Howard County, as Defendants in this action.

Plaintiff describes his claim as "unsafe and unclean en[vironment], No Evac plan. No medical." (ECF No. 1, p. 4). Specifically, he states:

> On 7-15-19 Howard County Jail [flooded] dude to creek next to it all inmates bang on door to get offices to come to back we seen cars and floating by the inmates stood in water for 6 hours then serve food to us with no gloves Water was coming out of drains and stink. But they did not have no plan to get us out we beat on windows we saw boats [rescuing] people but would not help us we had to ware same cloths we wade in water for 4 days.

(*Id.* at pp. 4-5).

Plaintiff also alleges, "They did not have no emergency evacuation plan and no medical staff at no time here." (*Id.* at p. 5). As a result, Plaintiff states, "I have bad dreams I am drowning cant sleep need to see [mental] health been feeling sick." (*Id.* at p. 8). Plaintiff proceeds against all Defendants in their official and personal capacities. (*Id.* at 4). He seeks compensatory damages. (*Id.* at 10).

The Court takes judicial notice of a news report documenting that on July 15, 2019, the remnant of Tropical Storm Barry made its way through Arkansas. The storm dropped 8.47 inches of rainfall on Nashville, Arkansas—where the HCJ is located. The report states, "Inmates from the Howard County jail were evacuated Tuesday afternoon. Seven inmates were moved to Department of Correction sites while the rest were bused to the Sevier County jail in De Queen."[1] While this report differs from Plaintiff's account of the flood and the alleged lack of evacuations, there is no question the flooding occurred, and the Defendants were not responsible for such flooding.

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent

---

[1] Stephen Simpson & Dale Ellis, *Straggling rain floods buildings, blocks roads*, Arkansas Democrat-Gazette, July 17, 2019.

standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

However, mere conclusory allegations with no supporting factual averments are insufficient to state a claim upon which relief can be based. *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

### III. ANALYSIS

**A. Conditions of Confinement Claims**

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The cruel and unusual punishment clause forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The

defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (internal citation and quotation omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Id*. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). Any injury resulting from conditions of confinement must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Keeping these principles in mind, the Court now turns to Plaintiff's conditions of confinement claims.

### (1) Flooding in the HCJ

Plaintiff claims his constitutional rights were violated when he stood and waded in water for six hours after the HCJ flooded on July 15, 2019. However, Plaintiff does not claim his exposure to the water during this time created an excessive risk to his health or safety. Plaintiff also has not described how deep the water was nor has he alleged that the water kept him from having a bed to sleep in, a toilet to use, or food and water. *See, e.g.*, *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (holding that an inch or two of standing water in the shower does not constitute an excessive risk of harm, such as contracting a communicable disease, even when the inmate had wound on foot); *see also Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996) (finding a toilet overflow which lasted four days did not amount to a constitutional violation).

Accordingly, Plaintiff's allegations relating to the exposure to flood waters at the HCJ do not establish a conditions of confinement claim.

### (2) Food Served Without Gloves

Likewise, Plaintiff's allegation that he was served food on one day by someone who was not wearing gloves fails to state a conditions of confinement claim. The Court is unaware of any

4

precedent holding that the failure of jail officials serving food to wear gloves constitutes an Eighth Amendment violation. *See, e.g.*, *Henderson v. Greeley*, No. 6:13-CV-06137, 2015 WL 1280312, at *12 (W.D. Ark. Mar. 20, 2015). Moreover, Plaintiff does not allege he was served contaminated food or that food was routinely prepared in a manner presenting an immediate danger to his health.

Accordingly, Plaintiff has failed to establish a conditions of confinement claim for being served food by someone not wearing gloves.

### (3) Unclean Clothing

Plaintiff also claims he was subjected to unlawful conditions of confinement when he was forced to wear the same clothes for four days while there was water in the HCJ. This allegation does not support a claim that Plaintiff has been deprived of life's minimal necessities. *See Watson v. Stovall*, 596 Fed. App'x 520, 520 (8th Cir. 2015) (affirming finding that provision of clean uniforms to inmate twice a week was insufficient to support a conditions of confinement claim). *Whitnack v. Douglas County*, 16 F.3d 954, 958 (8th Cir. 1994) ("Conditions, such as a filthy cell, may be tolerable for a few days and intolerably cruel for weeks or months.") (citation omitted).

### (4) No Allegations of Physical Injury

Finally, even if the Court assumes, *arguendo*, that Plaintiff's allegations state unlawful conditions of confinement, Plaintiff does not allege that he suffered any actual physical injury as a result of these conditions. *See Irving*, 519 F.3d at 448 (holding prisoner must suffer an actual injury to state an Eighth Amendment claim). Instead, he alleges that he now has bad dreams, needs to see a mental health provider, and vaguely states "been feeling sick." Pursuant to the PLRA, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff's conclusory allegations that he has been feeling sick with no supporting factual averments are insufficient to state a claim upon which relief can be based.

5

Accordingly, Plaintiff fails to state any claims based on his conditions of confinement.

**B. Denial of Medical Care**

Plaintiff also claims there was no medical staff at the HCJ when flood waters came into the facility on July 15, 2019. The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "[T]he failure to treat a medical condition does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge." *Long v. Nix*, 86 F.3d 761, 765 (8th Cir. 1996). "As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citing *Long*, 86 F.3d at 765).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany*, 132 F.3d at 1239). To show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal citation and quotation omitted). To establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and

6

mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal citation and quotation omitted). This is an "onerous standard," *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013), requiring a prisoner to "clear a substantial evidentiary threshold." *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010). A plaintiff must show that an official "actually knew of but deliberately disregarded his serious medical need." *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006).

In the case at bar, Plaintiff has not alleged that he sought medical care during or after the flood at the HCJ nor has he identified what his medical needs were at that time. He simply says he has been having bad dreams and "feeling sick" without describing any of his symptoms. Consequently, Plaintiff has failed to allege he is suffering from any serious medical needs.

Accordingly, Plaintiff has failed to state a claim for denial of medical care.

### C. Official Capacity Claims

The Court now turns to Plaintiff's official capacity claims. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claims against Defendants are treated as claims against Howard County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Howard County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). To establish the existence of an unconstitutional policy, the Plaintiff

must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999).

Upon review, Plaintiff alleges Howard County lacked an evacuation policy and had no policy to make medical staff available during the flooding. Even if the Court concedes Howard County had no policy in place regarding evacuation and medical care on the day the HCJ flooded, Plaintiff has still failed to state official capacity claims based on conditions of confinement or denial of medical care because he has not alleged he suffered any physical injury or alleged that Howard County was deliberately indifferent to his serious medical needs. *See McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) (holding that prisoner must make showing of physical injury to sustain section 1983 claim); *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (stating denial of medical care claims under section 1983 require showing that defendant was aware of and deliberately indifferent to a serious medical need).

Accordingly, Plaintiff has failed to allege any plausible official capacity claims.

### IV.  CONCLUSION

For the above reasons, Plaintiff's claims against all Defendants are hereby **DISMISSED WITHOUT PREJUDICE**. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). The Clerk is **DIRECTED** to place a § 1915(g) strike flag on the case.

**IT IS SO ORDERED**, this 5th day of September 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge